IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LEOPOLDO AGUADO-GUEL, #07534-010**                                              **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:09-cv-93-DCB-MTP**

**BRUCE PEARSON**                                                                   **RESPONDENT**

MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Leopoldo Aguado-Guel, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on June 4, 2009. Upon review of the court record, the court has reached the following conclusions.

Background

The petitioner pleaded guilty to illegal re-entry in the United States District Court for the Western District of Arkansas on August 25, 2006. Petitioner's direct appeal was affirmed by the United States Court of Appeals for the Eighth Circuit on December 27, 2007. The petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the Western District of Arkansas on December 9, 2008. Petitioner appealed the decision of the Western District of Arkansas to the United States Court of Appeals for the Eighth Circuit on December 19, 2008. Petitioner's certificate of appealability was denied by the United States Court of Appeals for the Eighth Circuit on June 29, 2009. Petitioner then applied for a writ of certiorari at the United States Supreme Court which was denied on October 5, 2009.

In the petition before this court, petitioner argues he is being illegally held due to actual

innocence and illegal enhancement. Petitioner states that he was convicted of unauthorized use of a motor vehicle on June 5, 1993 and placed on probation. After revocation of his probation, petitioner was sentenced to four years in the Texas Department of Corrections. Petitioner states that the unauthorized use of a motor vehicle conviction was illegally enhanced from a misdemeanor to a felony based on a previous marijuana conviction, which he also argues is invalid. Petitioner states that he served the four year sentence in the Texas Department of Corrections and was subsequently deported from the United States. As relief, petitioner requests that his prior Texas state court conviction be reduced from a felony to a misdemeanor and that he be found innocent of the current conviction of illegal re-entry.

Petitioner's argument is two-fold. First he claims that his federal illegal re-entry sentence was "illegally enhanced" based on the state vehicle theft felony conviction, which was a misdemeanor. Secondly, petitioner argues that the "illegal enhancement" of the Texas sentence from a misdemeanor to a felony resulted in his deportation and which subsequently resulted in a conviction for illegal re-entry. As explained below, this court has no authority to invalidate a Texas state court conviction nor can this court invalidate petitioner's current federal sentence in this § 2241 petition.

In sum, petitioner is challenging alleged errors that occurred prior to or at his sentencing, which he could have raised on direct appeal or in a § 2255 motion. Furthermore, petitioner's reliance on the United States Supreme Court case of <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008) in an attempt to meet the savings clause and proceed with his claims in a § 2241 petition is misplaced.

Analysis

To the extent that petitioner is challenging the validity of his Texas state court conviction in this § 2241 petition, his claims are not properly before this court. This court is without jurisdiction to render petitioner's Texas state conviction invalid. 28 U.S.C. § 2254.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the petitioner's allegations relate to the validity of his conviction and sentence. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-

3

Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.

Petitioner asserts that he is actually innocent of the crime of illegal re-entry because of an illegal enhancement of a prior conviction. This court finds petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive. To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

4

support to satisfy this requirement.

In an attempt to meet the savings clause requirements, in his response [14] to this court's order [13], petitioner stated that the holding in Begay v. United States, 128 S. Ct. 1581 (2008) makes his previously enhanced sentence illegal. This court finds however, that the holding in Begay does not apply to petitioner as his conviction was not construed as a violent offense, and he was not sentenced pursuant to the Armed Career Criminal Act. (U.S. v. Aguado-Guel, No. 5:06-cr-50018-JLH-1 (W.D. Ark., Aug. 25, 2006)). The holding in Begay is confined to particular circumstances which are not present here. In the instant case, petitioner is challenging his unauthorized use of a motor vehicle conviction which was enhanced by a marijuana charge. Begay is distinguishable. The petitioner in Begay was challenging a DUI conviction and the fact that the conviction was construed as a violent offense in order to meet the requirements of the Armed Career Criminal Act. In the case before this court, petitioner's conviction was not construed as a violent offense nor was he convicted under the Armed Career Criminal Act; therefore, petitioner's argument fails because his situation does not match that of Begay. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

Moreover, the petitioner cannot use § 2241 as a challenge to a result he has received from another court considering his petition for habeas relief.[2] See Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000). Therefore, since the petitioner's claims do not meet the stringent requirements of

---

[2] This court notes that petitioner has already presented the claims presented in the instant petition in a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Arkansas.

5

the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the ___11th___ day of January, 2010.

___s/ David Bramlette___<br>
UNITED STATES DISTRICT JUDGE